11-4225-cv
*Longman v. Wachovia Bank, N.A.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2012

(Submitted:  November 28, 2012   Decided:  December 19, 2012)

Docket No. 11-4225-cv

———————————

STUART L. LONGMAN,

*Plaintiff-Appellant*,

v.

WACHOVIA BANK, N.A., N/K/A WACHOVIA BANK,
A DIVISION OF WELLS FARGO BANK N.A.,

*Defendant-Appellee.*[*]

———————————

Before:

SACK, CHIN, and LOHIER, *Circuit Judges*.

———————————

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*) dismissing, *inter alia*, plaintiff-appellant's claims for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a).

AFFIRMED.

———————————

[*]    The Clerk of the Court is directed to amend the official caption in this case to conform to the listing of the parties above.

Mark Stern, Marc T. Miller, Mark Stern & Associates, LLC, Norwalk, Connecticut, *for Plaintiff-Appellant*.

David M. Bizar, Seyfarth Shaw, LLP, Boston, Massachusetts, *for Defendant-Appellee*.

PER CURIAM:

Plaintiff-appellant Stuart L. Longman appeals from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*) entered September 20, 2011, in favor of defendant-appellee Wachovia Bank, N.A., n/k/a Wachovia Bank, A Division of Wells Fargo Bank ("Wachovia"). The district court, in a ruling filed September 16, 2011, granted Wachovia's motion for summary judgment and dismissed Longman's claims for willful noncompliance with certain provisions of the Fair Credit Reporting Act in 15 U.S.C. § 1681s-2(a) and for common law defamation. We affirm.

## BACKGROUND

The facts are generally undisputed. Construing the few disputed issues of fact in Longman's favor, they may be summarized as follows.

Longman, an experienced real estate developer, purchased land in Florida for $250,000, which he financed with a "balloon" note from Wachovia secured by a mortgage on the property. The note called for Longman to make monthly interest payments for three years, after which the full principal of $231,220.99 became due. Longman failed to make the balloon payment when it became due.

Longman spoke with Wachovia employees about resolving the situation and they advised him to continue making monthly interest payments until the bank approved a "short sale" of the property, *i.e.*, a sale in which the proceeds would satisfy the outstanding debt even though they will fall short of the total balance due. Consequently, Longman continued making monthly interest payments of $1,436, which Wachovia received and credited. Despite these payments, Wachovia began notifying credit reporting agencies that Longman was late on his obligations because he never made the balloon payment.

Longman filed this action below against Wachovia on October 19, 2009, asserting, *inter alia*, claims for willful noncompliance with the Fair Credit Reporting Act. Specifically, he alleged that Wachovia knew its statements

-3-

to the credit reporting agencies were false, *see* 15 U.S.C. §
1681s-2(a)(1), failed to correct them, *see* § 1681s-2(a)(2),
and failed to perform a reasonable investigation after
Longman notified the bank that its reporting was inaccurate,
*see* § 1681s-2(a)(8)(E).[1]

The complaint did not allege that Longman had
submitted a dispute to a credit reporting agency about the
accuracy of Wachovia's reports.  *See* § 1681s-2(b)(1).
Longman only disputed Wachovia's reports with these agencies
after filing this action.  In its answer filed January 4,
2010, Wachovia asserted as defenses that there was no
private cause of action for violations of § 1681s-2(a) and
that the complaint did not state a claim under § 1681s-2(b)
because that provision requires that the dispute be
submitted to a credit reporting agency.  Wachovia's counsel
pointed out this deficiency to Longman's counsel at a
deposition on September 30, 2010.  Finally, on March 8,
2011, Wachovia moved for summary judgment on all claims,
including any § 1681s-2(b) claim.  Longman never attempted

---

[1]    Longman did not cite specific sections of the Fair
Credit Reporting Act in his complaint.

-4-

to amend his complaint before the motion or in his motion papers.

In a decision filed September 16, 2011, the district court granted summary judgment in favor of Wachovia on all claims, concluding, *inter alia*, that there was no private right of action for violations of § 1681s-2(a) and that the complaint failed to state a claim under § 1681s-2(b). Although Longman did not request it, the district court *sua sponte* denied leave to amend the complaint to add a § 1681s-2(b) claim based on the disputes subsequently filed with the credit reporting agencies because it would have prejudiced Wachovia. Judgment was entered on September 20, 2011. This appeal followed.

## DISCUSSION

### A. *Applicable Law*

We review the lower court's grant of summary judgment *de novo*, construing the facts in the light most favorable to the non-moving party. *Lopes v. Dep't of Soc. Servs.*, 696 F.3d 180, 184 (2d Cir. 2012). We review the court's denial of leave to amend for abuse of discretion. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

The Fair Credit Reporting Act (the "Act"), 15 U.S.C. § 1681 *et seq.*, regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information. *See* 15 U.S.C. § 1681(b). As part of this regulatory scheme, the Act imposes several duties on those who furnish information to consumer reporting agencies. *See* § 1681s-2. Among these are duties to refrain from knowingly reporting inaccurate information, *see* § 1681s-2(a)(1), and to correct any information they later discover to be inaccurate, *see* § 1681s-2(a)(2).

Consumers have the right to dispute any information reported to a credit reporting agency. *See* § 1681g(c)(1)(B)(iii); *see also* §§ 1681i(a)(1)(A), 1681s-2(a)(8). If a dispute is filed with the agency, both the agency and the furnisher of that information have a duty to reasonably investigate and verify that the information is accurate. *See* §§ 1681i(a)(1)(A), 1681s-2(b). If a dispute is filed directly with the furnisher, the furnisher only has a duty to investigate in certain circumstances established by regulation. *See* § 1681s-2(a)(8); 16 C.F.R. § 660.4;

-6-

*Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 35 & n.8 (1st Cir. 2010).

In certain circumstances, a consumer may bring a civil cause of action against any person who "willfully fails to comply with any requirement imposed under" the Act and recover actual or statutory damages, punitive damages, costs, and attorneys' fees. *See* § 1681n(a). The principal question presented in this case is whether a private cause of action is available for violations of § 1681s-2(a). *See* § 1681s-2(c)(1).

**B.    *Application***

On appeal, Longman argues that the district court erroneously concluded that there is no private right of action for violations of § 1681s-2(a) and abused its discretion by preemptively denying leave to amend the complaint to plead a claim under § 1681s-2(b). We address each argument in turn.

**1.    *Violations of § 1681s-2(a)***

Although we have not previously addressed whether the Fair Credit Reporting Act provides a private cause of action for violations of § 1681s-2(a), the statute plainly restricts enforcement of that provision to federal and state

authorities.  Indeed, the statute provides that subsection

(a) "shall be enforced *exclusively* . . . by the Federal

agencies and officials and the State officials identified in

section 1681s of this title."  15 U.S.C. § 1681s-2(d)

(emphasis added).  Thus, the district court correctly

concluded, as many other courts have held, that there is no

private cause of action for violations of § 1681s-2(a).

*Accord, e.g.*, *Boggio v. USAA Federal Sav. Bank*, 696 F.3d

611, 615-16 (6th Cir. 2012)*; Sanders v. Mountain Am. Fed.

Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012);

*SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d

Cir. 2011)*; Chiang*, 595 F.3d at 35*; Saunders v. Branch

Banking & Trust Co. of Va.*, 526 F.3d 142, 149 (4th Cir.

2008)*; Nelson v. Chase Manhattan Mort. Corp.*, 282 F.3d 1057,

1059 (9th Cir. 2002).  Because the complaint only alleges

violations of subsection (a) -- *i.e.*, knowingly disclosing

false information, *see* § 1681s-2(a)(1), failing to correct

false information, *see* § 1681s-2(a)(2), and failing to

investigate a dispute filed directly with a furnisher of

information, *see* § 1681s-2(a)(8) -- the district court

properly granted summary judgment on Longman's Fair Credit Reporting Act claims.

## 2. *Violations of § 1681s-2(b)*

Longman does not dispute the district court's conclusion that the complaint failed to state a claim under § 1681s-2(b), but argues that the court erred by denying leave to amend to correct the deficiency. We conclude that the district court did not abuse its discretion in light of Longman's delay and the prejudice to Wachovia. Longman had ample warning of the need to amend, but he never sought leave to do so. He first filed a dispute with a credit reporting agency in November 2009 and Wachovia first pointed out the complaint's deficiency in its answer filed in January 2010. Nevertheless, Longman did not seek to add a § 1681s-2(b) claim before the district court denied leave *sua sponte* nearly two years later, on September 16, 2011. *See City of New York v. Group Health Inc.*, 649 F.3d 151, 157 (2d Cir. 2011) (finding undue delay where plaintiff sought leave to amend during summary judgment briefing but "was aware of the flaws in its complaint" several years earlier). The district court reasonably concluded that Wachovia would

have been prejudiced by permitting an amendment at that late point in the litigation, after completion of discovery and the filing and briefing of a motion for summary judgment. *See AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726-27 (2d Cir. 2010) (finding sufficient prejudice where plaintiff sought leave to amend years after filing and after summary judgment motions were fully briefed). Under these circumstances, the district court did not abuse its discretion in denying leave to amend.[2]

### CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

---

[2] Longman also seems to argue an estoppel claim under Florida law, but no such claim appears in the complaint. Nor did Longman request leave below to amend his complaint to add an estoppel claim. Moreover, even assuming he had asserted such a claim below, the claim fails as a matter of law substantially for the reasons stated by the district court.