12-204-cv
*Farricker v. Penson Development, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March two thousand thirteen.

PRESENT: DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
LEWIS A. KAPLAN,
*District Judge*.*

_____

FRANK A. FARRICKER,
*Plaintiff-Appellant*

-v.-                                        No. 12-204-cv

PENSON DEVELOPMENT, INC.,
*Defendant-Appellee*.

_____

JEREMIAH IADEVAIA (Debra L. Raskin *on the brief*), Vladeck, Waldman, Elias & Engelhard, P.C., New York, New York, *for Plaintiff-Appellant*.

RICHARD H. SARAJIAN (Charlotte G. Swift *on the brief*), Montalbano, Condon & Frank, P.C., New City, New York, *for Defendant-Appellee*.

_____

* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered December 14, 2011 is **AFFIRMED**.

Plaintiff-Appellant Frank A. Farricker ("Farricker") appeals from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *J.*), entered December 14, 2011, granting summary judgment to Defendant-Appellee Penson Development, Inc. ("Penson Development") on Farricker's breach of contract claims and labor law claims brought pursuant to New York Labor Law § 190. "We review a district court's decision to grant summary judgment *de novo*, construing the evidence in the light most favorable to the party against which summary judgment was granted and drawing all reasonable inferences in its favor." *Wachovia Bank, N.A. v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 171 (2d Cir. 2011). Farricker also appeals the denial of leave to amend his complaint to add another Labor Law claim; Judge Deborah Batts of the Southern District of New York denied the amendment on December 8, 2008, and confirmed her initial denial on a motion for reconsideration on March 31, 2009. We review a denial of leave to amend a complaint for abuse of discretion. *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

*** 

Farricker was hired as the Director of Acquisitions for Penson Development, a company that defines its business as "acquiring, owning, operating, managing and selling residential and commercial real estate (each, a 'Real Estate Project')." Joint App'x 29. As part of his delineated duties for Penson Development, Farricker was tasked in his employment contract with

identifying potential Real Estate Projects for (i) investment by or for the account of a Penson Company or (ii) investment by or resale to others of either the Real Estate Project or the contract pursuant to which a Penson Company acquired the right to acquire the Real Estate Project, (each such transaction a "Deal" and collectively, the "Deals") . . . .

*Id.* The contract specified that Farricker would perform additional duties apart from identifying Deals. Thus, Farricker was to research and perform due diligence "with respect to each such Deal," work on all aspects of the Deals, interface with legal counsel, banks, and accountants regarding Deals, and perform "other duties as may be requested by the Board of Directors." *Id.*

Beyond delineating Farricker's duties, the contract also provided for "Participation Payments" "for each Deal consummated by a Penson Company during [Farricker]'s employment." *Id.* at 30. Participation Payments were to equal "fifteen percent . . . of each cash distribution made with respect to such acquisition" and were available for (i) investments "by or for a Penson Company's account"; (ii) investments "by others"; and (iii) resales "of a contract pursuant to which a Penson Company acquired the right to acquire a Real Estate Project." *Id.* at 30-31. Farricker contends that the district court misapplied New York contract law in concluding that he did not "identify" either the Mohegan Apartments or the Jackson Street property as a potential Real Estate Project, and was thus not entitled to a Participation Payment in connection with these properties.

A written agreement that is "complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms." *Greenfield v. Philles Records, Inc.*, 780 N.E.2d 166, 170 (N.Y. 2002). Courts determine ambiguity by looking within the four corners of the document, and the entire contract must be reviewed as a whole, taking care not to isolate words from their context and from the manifest intent of the parties. *Riverside S. Planning Corp. v. CRP/Extell Riverside, L.P.*, 920 N.E.2d 359, 363 (N.Y. 2009).

3

Analyzing the contract as a whole, we agree with the district court that, taking the evidence in a light most favorable to the plaintiff, neither Farricker's work in connection with Mohegan Apartments nor his work on Jackson Street constituted "identifying [a] potential Real Estate Project[]" for investment by Penson Development or by others and that such work therefore did not qualify him for a Participation Payment. Construing the contract's provisions in context, it is clear that identifying potential Real Estate Projects is a separate and distinct task from the research and management of Penson Development properties, either once they become "Deals" or when such work is done pursuant to Farricker's agreement to perform "other duties" as requested. The parties do not dispute that Mohegan Apartments was an existing project within Penson Development's portfolio at the time Farricker provided services in connection with this property, or that Farricker had at most a minor role in making the decision to put Mohegan Apartments on the market. As for Jackson Street, it is similarly undisputed that Farricker did not bring forward the property as a potential project but rather researched it and performed other duties regarding it once Ed Penson alerted him to the investment possibility. In such circumstances, the district court did not err in concluding that these properties were not "Deals" entitling Farricker to a Participation Payment.

Because we find the contract to be unambiguous, we need not consider Farricker's arguments that the district court disregarded or refused to consider extrinsic evidence relating to Mohegan Apartments and Jackson Street. *See JA Apparel Corp. v. Abboud*, 568 F.3d 390, 397 (2d Cir. 2009) (reiterating that when a contract is unambiguous, "the court is not to consider any extrinsic evidence as to the parties' intentions"). As to Farricker's remaining arguments relating to the grant of summary judgment, we have considered them and find them to be without merit.

Farricker also appeals from the denial of leave to amend his complaint. Farricker's request to amend the complaint came nine months after Penson Development filed its motion to dismiss, which had been fully briefed. The district court based its denial on the undue prejudice that the unexplained delay would have caused Penson Development in incurring additional time and expense to respond to a claim that should have been before the court in the initial complaint; on this set of facts, we conclude that the district court's decision to deny leave to amend was not outside "the range of permissible decisions." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011) (internal quotation marks omitted). We therefore affirm the district court's decision to deny leave to amend under an abuse of discretion standard.

***

We have considered all of Plaintiff-Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk