**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2016[*]
Decided March 28, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-3545

| | |
|---|---|
| SHELLIE L. JOHNSON, et al., | Appeal from the United States District |
| *Plaintiffs-Appellants*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 15-CV-173 |
| | |
| CARRINGTON MORTGAGE | William E. Duffin, |
| SERVICES, | *Magistrate Judge*. |
| *Defendant-Appellee*. | |

**O R D E R**

Shellie Johnson and her sons allege that Carrington Mortgage Services violated federal laws by harassing her, threatening her with foreclosure, and falsely reporting to the credit bureaus that she was delinquent on her mortgage payments. After the plaintiffs amended their complaint three times, the district court dismissed the fourth complaint for failure to state a claim. Because that conclusion is correct, we affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

We review de novo the district court's dismissal and take the facts alleged in the complaint as true. *See Gustafson v. Adkins*, 803 F.3d 883, 888 (7th Cir. 2015). Johnson's troubles with Carrington began after she refinanced mortgages on two properties in Milwaukee, Wisconsin, in 2006. Carrington became the servicer of these loans the next year, in July 2007. About six years later, Johnson says, Carrington began harassing her by calling and sending letters claiming that her payments were late. Johnson disputed the asserted delinquency. She also authorized her sons, Sherman and Archie, to speak with Carrington on her behalf about the payment and refinancing issues.

Johnson and her two sons later sued Carrington, contending that Carrington violated the Fair Debt Collections Practices Act, *see* 15 U.S.C. §§ 1692c(a)(1), 1692d, 1692e, and the Fair Credit Reporting Act, *see* 15 U.S.C. § 1681s-2(b). Carrington moved to dismiss. In evaluating the fourth complaint, the district court first dismissed the sons' claims. They had neglected, the court observed, to sign the fourth complaint and, because the plaintiffs were pro se, Johnson could not sign the complaint on their behalf. In any case, the district court thought, the sons lacked standing to pursue a claim under the FDCPA. Second, the court dismissed Johnson's FDCPA claims because she failed to allege that the debts were primarily for personal purposes. Finally, the court dismissed Johnson's FCRA claim because she failed to allege that she had disputed any credit inaccuracies with a credit reporting agency.

Carrington raised another argument that the district court did not reach—whether Carrington was a "debt collector" under the FDCPA. In moving to dismiss, Carrington submitted a record of Johnson's payment history up to the date that it began servicing the loan. The record showed that Johnson's loan payments were current when it started servicing the loan. Carrington argued that, because Johnson was not in default when it began servicing her loans, it was not a debt collector under the FDCPA. But the district court did not analyze that argument because it had already decided that the claim was deficient. As a result, the court also did not discuss the exhibits that Johnson herself had attached to her complaint. These included the same payment record that Carrington supplied. The payment record shows that she was not in default when Carrington acquired the loan.

On appeal Johnson and her sons challenge the dismissal, but they cannot prevail. First we address the FDCPA claims. Those claims fail if Carrington was not a "debt collector," and it was not a debt collector if Johnson "was not in default at the time [the debt] was obtained by" Carrington. 15 U.S.C. § 1692a(6)(F)(iii); *see Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536–37 (7th Cir. 2003); *Bailey v. Sec. Nat'l Servicing Corp.*,

154 F.3d 384, 387–88 (7th Cir. 1998); *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir. 2013) (mortgage loan servicer not a debt collector because it obtained loan before default). The reason that Congress excluded as potential defendants under the FDCPA persons who acquire debts *before* a debtor defaults is that those persons have an incentive to promote a positive relationship with the debtor and are less likely to harass, even if the debtor later defaults. *See Ruth v. Triumph P'ship*, 577 F.3d 790, 796–97 (7th Cir. 2009); *Schlosser*, 323 F.3d at 536. Because the issue of Johnson's default status (at the time that Carrington acquired the loan) was raised in the district court and Carrington has raised it again in this court, we may consider affirming on the basis of it. *See Dibble v. Quinn*, 793 F.3d 803, 807 (7th Cir. 2015); *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009).

On this record we conclude that Johnson was not in default for all of 2007, and therefore Carrington is not a debt collector and not liable under the FDCPA. The district court properly hesitated to decide the motion to dismiss based on a payment record that Carrington furnished from outside the pleadings. *See* FED. R. CIV. P. 12(d); *United States v. Rogers Cartage Co.*, 794 F.3d 854, 861 (7th Cir. 2015); *Brownmark Films LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). But Johnson herself attached to her complaint the very record showing that she was current on all her mortgage payments in 2007, when Carrington acquired the loan, and she does not dispute its accuracy. *See Bogie v. Rosenberg*, 705 F.3d 603, 608–09 (7th Cir. 2013). By attaching that record, she incorporated it into her complaint. S*ee* FED. R. CIV. P. 10(c); *Olson v. Bemis Co.*, 800 F.3d 296, 305–06 (7th Cir. 2015). True, she alleges in her complaint that she was in default in 2007. But that is a legal conclusion, which we need not accept. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, an attached exhibit of unquestioned veracity that contradicts an allegation in a complaint overrides that allegation if, as here, the complaint refers to the subject of the exhibit and that subject is central to the claim. *See Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661–62 (7th Cir. 2002). Johnson's attachment corresponds to her allegation about her default history—an allegation essential to her claim that Carrington is a debt collector. And on appeal she does not deny that it refutes the conclusion in her complaint that she was in default when Carrington first serviced the loan. Under these circumstances, the FDCPA claim was rightly dismissed.

That brings us to the FCRA claim. The district court is correct that this claim fails because Johnson did not allege that she disputed the purported inaccuracy of her debt status by contacting a credit reporting agency. In her complaint, Johnson merely alleges that she told Carrington "you are ruining my credit by reporting inaccurate information

that my account is delinquent while it is current, and that I demand you need to correct the information." But in order to state a claim, Johnson needed also to plead that she disputed this inaccuracy by notifying a credit reporting agency of it, the agency then contacted Carrington to alert it about the dispute, but Carrington then failed to adequately investigate. *See Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005); *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010); *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150–52 (2d Cir. 2012); *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011); *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1146–47 (10th Cir. 2012). Her allegation of a protest only to Carrington is not enough, and after three attempts at amending her complaint, the district court properly dismissed the claim.

Accordingly the judgment is **AFFIRMED**.