22-128-cv
*Wang v. Verizon Communications, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand twenty-three.

PRESENT:
> **DENNIS JACOBS,**
> **ROBERT D. SACK,**
> **ALISON J. NATHAN,**
> > *Circuit Judges.*

―――――――――――――――――――――――――

**Hao Zhe Wang,**

> *Plaintiff-Appellant*,

> v.                                                          22-128

**Verizon Communications Inc., Verizon Business Network Services Inc., Verizon Connected Solutions Inc., Verizon Wireless (VAW) LLC, Verizon Long Distance LLC, Verizon Media LLC, Verizon Wireless Services, LLC, Verizon Capital Corp., Verizon Corporate Services Group Inc., Verizon Corporate Resources Group LLC, Verizon Turnkey Services LLC, Verizon Teleproducts Corp., Verizon Services Corp., Verizon Sourcing LLC, Verizon Business Purchasing LLC, Verizon Services Operations Inc., Verizon Select Services Inc., Verizon Online LLC, Verizon New**

**York Inc., Verizon Federal Inc., Verizon Information Technologies LLC, Verizon Connect Inc., Verizon Connect NWFINC., Verizon Credit Inc., Verizon Services Organization Inc., Verizon New England Inc., Verizon Digital Media Services Inc., and Cellco Partnership,**

*Defendants-Appellees.*[1]

---

FOR PLAINTIFF-APPELLANT: Hao Zhe Wang, pro se, New York, NY.

FOR DEFENDANTS-APPELLEES: Annette G. Hasapidis, Hasapidis Law Offices, Scarsdale, NY; Howard A. Fried, McGivney Kluger Clark & Intoccia, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*; Lehrburger, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Hao Zhe Wang, who is proceeding pro se, filed a complaint concerning a disputed past-due charge from Verizon and the debt collection that followed. He now appeals the dismissal of his complaint under Federal Rule of Civil Procedure 12(b)(6), the district court's denial of his motion for Rule 11(c) sanctions, and issues relating to a discovery conference from August 2021. The appellees are several Verizon-related entities. We assume the parties'

---

[1] The Clerk of the Court is directed to amend the caption as above.

familiarity with the underlying facts, the procedural history, and the issues on appeal.

As a preliminary matter, we have jurisdiction to hear this appeal in its entirety. A notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B).

Here, the January 21, 2022 notice of appeal designated the "order of dismissal," not the court's subsequent entry of judgment under Federal Rule of Civil Procedure 54(b), as the order from which the appeal was being taken. Appellees argue that Wang's failure to designate the Rule 54(b) judgment (or any of the underlying orders he now challenges) limits the scope of his appeal. But Federal Rule of Appellate Procedure 3 forecloses such an argument, providing that a notice of appeal encompasses a final judgment if it designates "[a]n order that adjudicates all remaining claims and the rights and liabilities of all remaining parties"—which appellees concede Wang's did. Fed. R. App. P. 3(c)(5)(A). The rule also emphasizes that a failure to specify a particular order does not limit the scope of the appeal. *See* Fed. R. App. 3(c)(4); *see also* Fed. R. App. P. 3 advisory committee's note to 2021 amendment (explaining purpose of Rule 3(c)(4) as being "to avoid misconception that it is necessary or appropriate to designate each and every order of the district court that the appellant may wish to challenge on appeal").

We find the appellees' argument unavailing and conclude that we have jurisdiction over the entire appeal. However, we also conclude also that Wang's claims were properly dismissed.

This Court reviews de novo a district court's decision to grant a motion to dismiss under Rule 12(b)(6). *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015). A complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The district court correctly determined that Wang failed to state a claim under the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*). Wang's § 1681s-2(a) claim fails because there is no private right of action to enforce violations of this subsection. *See Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012). His remaining claims under §§ 1681s-2(b), 1681n, and 1681o are also unavailing. The district court dismissed those claims on two independent bases: first, the complaint failed to allege cognizable damages caused by any alleged violations of those subsections, and second, the credit reporting agencies corrected the allegedly inaccurate information within 30 days of when Wang notified them. Although Wang challenges the district court's damages analysis, he has waived any challenges to the second—and independently sufficient—basis for dismissal by failing to raise them in his opening brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

Wang's Fair Debt Collection Practices Act claims (15 U.S.C. § 1692 *et seq.*) also fail. As the Supreme Court has explained, "you have to attempt to collect debts owed *another* before you can ever qualify as a debt collector" under the FDCPA. *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724 (2017). Wang's complaint alleges that the relevant defendants in this action are or were creditors seeking to collect debts owed to them; therefore, they are not "debt collectors" within the meaning of the statute. *See Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA.").

The district court also correctly determined that Wang did not plead a plausible RICO claim. To plead a civil RICO claim, a plaintiff must adequately allege an injury caused by a violation of 18 U.S.C. § 1962. *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013). A § 1962 violation requires allegations that the defendant engaged in actions that qualify as RICO

4

predicates. To the extent that Wang alleges mail and wire fraud claims as RICO predicates, the elements of such claims must be pled with particularity. *See Williams v. Affinion Group, LLC*, 889 F.3d 116, 124 (2d Cir. 2018). We agree with the district court that Wang failed to show how the communications he describes could qualify as mail or wire fraud.

Lastly, we turn to Wang's state law claims. While the district court resolved these claims on preemption grounds, we may affirm for any basis supported by the record. *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc*., 448 F.3d 573, 580 (2d Cir. 2006). Wang argues that the state law claims that he brings under the Massachusetts Consumer Protection Act (Mass. Gen. Laws ch. 93A § 1 *et seq.*) and New York General Business Law § 349 are not preempted by the Fair Credit Reporting Act because the defendants' conduct relates to debt collection, not credit reporting. However, the conduct at issue—*i.e.,* a creditor selling, re-purchasing, or attempting to collect on a debt—is not unlawful. *See* Mass. Gen. Laws ch. 93A, § 3 ("Nothing in this chapter shall apply to transactions or actions otherwise permitted under laws . . . of the commonwealth or of the United States"); N.Y. Gen. Bus. Law § 349(d) ("it shall be a complete defense that the act or practice . . . complies with the rules and regulations of . . . the federal trade commission"). Because Wang's remaining allegations regarding the defendants' debt collection practices do not permit us to "infer more than the mere possibility of misconduct," we conclude that the district court did not err in dismissing his state law claims. *Iqbal*, 556 U.S. at 679; *see also Nat'l Rifle Ass'n of America v. Vullo*, 49 F.4th 700, 713 (2d Cir. 2022) ("We accept as true factual allegations but not conclusions, such as statements concerning a defendant's state of mind.").

We have considered Wang's remaining arguments, including those pertaining to the

5

sanctions and discovery issues, and conclude they are without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court