*DeSiena v. Pa. Higher Educ. Assistance Agency*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-three.

PRESENT:

> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

SUSAN DeSIENA,

> *Plaintiff-Appellant*,

v.                                                                          No. 22-1956

PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY,

> *Defendant-Appellee*.*

_____

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Plaintiff-Appellant:** | Susan DeSiena, pro se, Bethpage, NY. |
| **For Defendant-Appellee:** | Justin G. Weber, Troutman Pepper Hamilton Sanders LLP, Harrisburg, PA; Jessica Rothenberg, Troutman Pepper Hamilton Sanders LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Susan DeSiena, proceeding pro se, appeals from the district court's grant of summary judgment in favor of the Pennsylvania Higher Education Assistance Agency (the "Agency") on her claim that the Agency failed to comply with its duty to investigate her report of fraud under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* We review a district court's grant of summary judgment de novo, *see Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021), meaning without any deference to the district court's decision, and will affirm when there is "no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law," Fed. R. Civ. P. 56(a). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The FCRA imposes several duties on "furnishers" of information to credit reporting agencies ("CRAs"). 15 U.S.C. § 1681s-2; *see also* 12 C.F.R. § 1022.41(c) (defining "furnisher"). Section 1681s-2(a) requires furnishers to provide CRAs with accurate information about their consumers. 15 U.S.C. § 1681s-2(a). Section 1681s-2(b) provides that furnishers must "reasonably investigate" upon receiving notice of a dispute regarding the completeness or accuracy of reported information. *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) (citing 15 U.S.C. §§ 1681i(a)(1)(A), 1681s–2(b)).

DeSiena claims that the Agency – a "furnisher" of information under the FCRA – failed to investigate her claim that a Parent PLUS Loan in her name (the "Loan") was fraudulently opened by a third party.[1] But the undisputed facts show that the Agency reasonably investigated DeSiena's claim of fraud. On November

---

[1] To trigger a furnisher's duty to investigate, consumers must first file a dispute with a CRA, which then refers the challenge to the furnisher. *See Sprague v. Salisbury Bank & Tr. Co.*, 969 F.3d 95, 99 (2d Cir. 2020). Although there is some question as to whether DeSiena actually filed a dispute with a CRA, the Agency does not argue on appeal that DeSiena failed to meet this statutory requirement. Because arguments not made in an appellant's opening brief are forfeited, the Agency has not preserved this issue for appeal. *See JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014).

28, 2016, DeSiena sent the Agency a notarized letter asserting that she "did not sign" for the Loan. Supp. App'x at 136. Shortly thereafter, the Agency responded to DeSiena, stating that it had "received and investigated [her] credit dispute." *Id.* at 198. The letter explained that the investigation included a "review of all [DeSiena's] relevant account history and documentation, including any information [she had] provided to [the Agency]." *Id.* Based on its review, the Agency concluded that the disputed information was "accurate." *Id.*

While DeSiena challenges the conclusion reached by the Agency, she admitted that she has "no idea" whether the Agency actually conducted a "reasonable investigation" into her claim. *Id.* at 130. Indeed, DeSiena testified that the only evidence she has to support her failure-to-investigate claim consists of the "very bad reviews" that she had seen on the internet. *Id.* To be sure, DeSiena submitted an affidavit stating that she did not sign for the Loan. But this assertion, without more, does not demonstrate that the Agency failed to conduct a "reasonabl[e] investigat[ion]." *Longman*, 702 F.3d at 151. At bottom, DeSiena's argument reduces to the untenable claim that "any investigation that did not accept [her] allegations as accurate was by definition unreasonable." *Chiang v.*

4

*Verizon New England Inc.*, 595 F.3d 26, 41 (1st Cir. 2010).  Without more, she cannot prevail on her failure-to-investigate claim.[2]

We have considered DeSiena's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.  Additionally, we direct the Clerk of Court to seal the appendix filed with DeSiena's brief (Doc. No. 45).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] To the extent that DeSiena seeks to supplement the record on appeal, that motion is denied.  We consider evidence outside the district court record only in "extraordinary circumstances."  *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975); *see* Fed. R. App. P. 10(a) (defining record on appeal).  The materials that DeSiena seeks to add to the record are not relevant to the failure-to-investigate claim that is the subject of this appeal.