**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3766
_____

JOHN C. BERKERY, SR.,
Appellant

v.

VERIZON COMMUNICATIONS INC; CELLCO PARTNERSHIP, a Delaware General
Partnership d/b/a Verizon Wireless (Collectively "Verizon"); MIDLAND FUNDING
LLC, "Midland"; TRANS UNION CORP, "Trans Union"; EQUIFAX INC, "Equifax";
EXPERIAN INFORMATION SYSTEMS INC, "Experian"

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:15-cv-01085)
District Judge: Honorable Gerald A. McHugh

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 18, 2016
Before: FISHER, SHWARTZ and COWEN, Circuit Judges

(Opinion filed August 19, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

John C. Berkery, Sr. appeals pro se from the District Court's dismissal of his complaint. For the following reasons, we will affirm the District Court's judgment.

Berkery filed a complaint in the District Court concerning a billing dispute for his Verizon mobile telephone account. In particular, Berkery alleged that Verizon Communications, Inc. and Cellco Partnership (collectively "Verizon")[1] improperly charged him for In-Network calls and regularly miscalculated his monthly usage arising out of a mobile-phone contract beginning in August 2008. Berkery's complaint raised statutory claims under the Federal Communications Act, 47 U.S.C. § 201 ("FCA") [Count One], the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. [Count Two], the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq. ("UTPCPL") [Count Five], and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") [Count Six], as well as state common-law claims for breach of contract [Count Three] and fraud [Count Four].

Verizon moved to dismiss the claims against it. The District Court concluded that Counts One to Four were time-barred, as the statutes of limitations for those counts had begun to run in December 2009, when Berkery's contract with Verizon ended, and had each elapsed long before Berkery finally filed suit in February 2015. The District Court also concluded that the Demmick et al. v. Cellco Partnership d/b/a Verizon Wireless class action against Verizon in the District of New Jersey (Case No. 06- 2163) did not equitably toll Berkery's claims against Verizon. The District Court then concluded that

---

[1] Berkery also sued three credit-reporting agencies, but voluntarily dismissed the claims against those parties.

Pennsylvania's economic loss doctrine barred his UTPCPL suit as set out in Count Five. Finally, the District Court concluded that Berkery's FCRA claim as set out in Count Six was not adequately pleaded.

With regard to Counts One to Five, the dismissal was with prejudice and without leave to amend, on the ground that any amendment would be futile. With regard to Count Six—the claim under the FCRA—the District Court granted Berkery 21 days to file an amended complaint that could plausibly state a claim for relief under that statute.

Berkery did not file an amended complaint. Instead, he filed a notice of appeal less than two weeks after his complaint was dismissed, and has stated on appeal that he wishes to stand on his original complaint.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's order dismissing a complaint for failure to state a claim. Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). Because Berkery proceeded pro se in the District Court, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

We will affirm. First, we consider the four time-barred claims. As an initial point, it is proper for a District Court to consider the time bar at the pleading stage where, as here, noncompliance with the statute of limitations is plain on the face of the complaint. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994). On appeal, Berkery does not challenge the District Court's analysis of the statute of limitations on any count, but instead argues that the District Court erred in concluding

3

that these limitations periods were not equitably tolled as a result of his purported membership in the Demmick class action.

That argument fails. Under the class action tolling rule, the filing of a class action lawsuit in federal court tolls the statute of limitations for the claims of unnamed class members until class certification is denied or when the member ceases to be part of the class, at which point the class member may intervene or file an individual suit. Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 551-53 (1974). Berkery seeks to apply that rule to his case because he received a notice stating that he was a part of the Demmick class, and says that he followed the opt-out procedures to preserve his right to file an individual action. But, as the District Court correctly observed, the Demmick class includes only customers who had a Verizon Family SharePlan between May 11, 2002 and May 10, 2006. Berkery's contract involved a different kind of plan, and a later time period.

Berkery argues that the District Court erred to so reason because Verizon never challenged his class membership during the class action itself. As a result, he says, res judicata bars Verizon from challenging his class membership now. That misses the point. Whether or not Verizon is barred from stating that Berkery is a member of the Demmick class, it remains the case that his claims in this lawsuit have no connection to the Demmick class action. Berkery may not bootstrap his claims based on the August 2008 contract using any Demmick claims that he may or may not have.

Turning next to the UTPCPL claim, we also agree with the District Court's reasoning on that count. The District Court applied binding Third Circuit precedent on how to treat UTPCPL claims that essentially arise out of a breach of contract. In

4

particular, this Court has predicted that the Pennsylvania Supreme Court would apply the economic loss doctrine to UTPCPL claims based on intentional torts like fraud. See Werwinski v. Ford Motor Co., 286 F.3d 661, 679-81 (3d Cir. 2002). Under the economic loss doctrine, "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage." Excavation Techs., Inc. v. Columbia Gas Co. of Pa., 985 A.2d 840, 841 n.3 (Pa. 2009). Although Berkery notes that the application of the economic loss doctrine to non-negligence claims has been subject to some criticism, Berkery has not shown why it should not apply to the particular circumstances of this case. Consequently, the District Court was correct to dismiss Count Five with prejudice.

Finally, the District Court was also correct to conclude that Count Six, the FCRA claim, was not adequately pleaded. The FCRA allows for a private cause of action for the failure to investigate credit-reporting discrepancies based on the following duties: (1) the consumer must inform the credit agency that he disputes the information that the furnisher provided; (2) the credit agency must then notify the furnisher of the information about the consumer's dispute; and (3) the furnisher must conduct a reasonable investigation with respect to the disputed information. See SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 358 (3d Cir. 2011).

Berkery's complaint alleged that he reported the billing discrepancy with Verizon to three credit agencies, but never set out any non-conclusory allegations about whether Verizon (here, the furnisher) satisfied its own duties under the statute. Verizon concedes on appeal that this pleading deficiency could have been cured if Berkery had alleged on

5

information and belief that (1) the credit agencies reported the discrepancy to Verizon, and (2) that Verizon did not conduct a reasonable investigation after receiving notice of the discrepancy. But even these simple allegations do not appear in Berkery's complaint. As a result, the District Court did not err in dismissing this claim without prejudice to file an amended complaint that cured this pleading failure. Berkery declined to do so.

For the foregoing reasons, we will affirm the District Court's judgment.