**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4542
_____

MICHELE M. SIMMSPARRIS,

Appellant

v.

COUNTRYWIDE FINANCIAL CORP.;
COUNTRYWIDE HOME LOANS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:08-cv-02434)
District Judge:  Hon. Katharine S. Hayden

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2010

Before:  BARRY, CHAGARES, and VANASKIE, <u>Circuit
Judges</u>.

(Filed:  July 28, 2011)

Michele M. SimmsParris, Esq.
Amy Maldonado, Esq.
SimmsParris Maldonado Tehauno LLP
1444 Queen Anne Road
Teaneck, New Jersey 07666
      Counsel for Appellant

Martin C. Bryce, Jr., Esq.
Daniel J.T. McKenna, Esq.
Ballard Spahr LLC
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
      Counsel for Appellees

_____

OPINION
_____

CHAGARES, Circuit Judge.

Michele SimmsParris brought this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, to recover for the reporting of what she asserts was false information about her mortgage repayments. The United States District Court for the District of New Jersey, determining that SimmsParris had not properly presented her claim as required by the FCRA, granted summary judgment against her. SimmsParris now appeals, and, for the reasons set forth below, we will affirm.

I.

A.

SimmsParris obtained a mortgage loan from Countrywide Home Loans ("CHL") on February 22, 2007. CHL maintains that, although SimmsParris's payments were due on the first of each month, her December 2007 payment was not received until December 31, and her January 2008 payment was not received until January 25. CHL states that, as a part of "common business practice," it "reports the status of its entire active loan portfolio to Experian, Equifax, Transunion and Innovis every month," and it followed this practice by reporting that SimmsParris's payments were not timely received. Joint Appendix ("JA") 1266. In February of 2008, SimmsParris learned that CHL had furnished information to credit reporting agencies that her December 2007 and January 2008 mortgage payments were late. She immediately had the law firm in which she was a partner draft a letter to CHL and its parent company, Countrywide Financial Corp. ("CFC"), to inform them that CHL had furnished false information. Even after SimmsParris reported this alleged error to CFC and CHL, they did not alter the information that they provided and continued to report that her payments had been delinquent.

B.

SimmsParris filed suit in the District of New Jersey on May 19, 2008, seeking to recover for defamation, false light invasion of privacy, breach of contract, negligence, negligent supervision, conversion, fraud, and violations of the FCRA. She also sought and received a temporary restraining order

that enjoined CHL from reporting false information to third parties regarding SimmsParris's loan payments. CHL and CFC filed a motion to dismiss on June 25, 2008, contending that the FCRA preempted SimmsParris's claims, and later filed a motion for summary judgment on March 27, 2009. The District Court denied the motion to dismiss on March 31, 2009, stating that the motion was superseded by the motion for summary judgment, and denied the motion for summary judgment on April 3 for failing to comply with the local rule on page limitations.

CHL and CFC filed a second motion for summary judgment on April 9, 2009, and the District Court held oral argument on this motion on October 22, 2009. Following this hearing, the District Court granted summary judgment in the defendants' favor. In doing so, the District Court concluded that a private litigant seeking to recover against the furnisher of information under the FCRA must first make a complaint to a consumer reporting agency before the furnisher of information can face liability under the statute. Although the District Court granted summary judgment on all of SimmsParris's claims, it did not address the reasons for doing so in respect to her state law claims.

SimmsParris filed a timely notice of appeal and contests the District Court's grant of summary judgment only as to her FCRA claim.

## II.

The District Court had jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1332 and this Court has jurisdiction under 28 U.S.C. § 1291. Our review of the

4

District Court's grant of summary judgment is plenary. Callison v. City of Phila., 430 F.3d 117, 119 (3d Cir. 2005). A grant of summary judgment is appropriate if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010) (quotation marks omitted). The FCRA places certain duties on those who furnish information to consumer reporting agencies. Under 15 U.S.C. § 1681s-2(a), for instance, the furnisher of information has a duty to provide accurate information. Additionally, 15 U.S.C. § 1681s-2(b) imposes a duty to conduct an investigation into the completeness and accuracy of the information furnished in certain circumstances. See id. at 714 ("a consumer must first inform the credit agency that s/he disputes the information," after which "[t]he credit reporting agency must reinvestigate promptly based on that dispute").

The FCRA also has several provisions that create liability for violations of the Act. See, e.g., 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); id. § 1681o (creating civil liability for

5

negligent noncompliance with any portion of the Act).[1] These provisions, however, cannot be used by a private individual to assert a claim for a violation of § 1681s-2(a), as such claims are available only to the Government. Id. § 1681s-2(c) ("[S]ections 1681n and 1681o of this title do not apply to any violation of – (1) subsection (a) of this section . . . ."); id. § 1681s-2(d) ("The provisions of law described in paragraphs (1) through (3) of subsection (c) of this section . . . shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title."). This leaves 15 U.S.C. § 1681s-2(b) as the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information. See Chiang v. Verizon New England Inc., 595 F.3d 26, 35 (1st Cir. 2010); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009); Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142, 149 (4th Cir. 2008).

Although a private citizen may bring an action under 15 U.S.C. § 1681s-2(b), this cause of action is not without limitations. The duties that are placed on furnishers of information by this subsection are implicated only "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1). Notice under §

---

[1] SimmsParris also appears to argue that 15 U.S.C. § 1681h(e) provides an independent basis of liability. This section, however, merely limits when a plaintiff may bring certain state law claims, and does not provide any independent cause of action for a plaintiff seeking to enforce provisions of the FCRA.

1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer. See Chiang, 595 F.3d at 35 n.8; Gorman, 584 F.3d at 1154; Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639 (5th Cir. 2002).

SimmsParris argues that the District Court overly limited the cause of action contained in § 1681s-2(b) by requiring that a credit reporting agency be included "as one of the necessary players" in a private individual's claim. JA 35. Asserting that this requirement is found nowhere in the FCRA, SimmsParris asks us to reverse the District Court's grant of summary judgment. When interpreting a statute, such as the FCRA, we must turn first to the language of the statute itself. "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" Conn. Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992) (quoting Rubin v. United States, 449 U.S. 424, 430 (1981)). In examining a particular provision of a statute, it is important to interpret it in the context of the full statutory scheme. United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 371 (1988). "[T]he court will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute . . . and give to it such a construction as will carry into execution the will of the Legislature." Kokoszka v. Belford, 417 U.S. 642, 650 (1974) (quotation marks omitted).

SimmsParris contends, in particular, that the required notice may come from any consumer reporting agency, and that it need not come from an agency to which the furnisher provided information. We reject this contention, however, as unpersuasive both on structural and linguistic grounds. First, the language that Congress used in 15 U.S.C. §

7

1681i(a)(2)(A) is helpful. This subsection provides that "the agency shall provide notification of the dispute to any person who provided any item of information in dispute." 15 U.S.C. § 1681(a)(2)(A). The notice required in order to trigger the furnisher's duties under the statute does not come from "any" consumer reporting agency or "an" agency, but, rather, must come from "the" agency. Given the context of the use of the word "the," Congress could only have been referring to the "consumer reporting agency [that] receive[d] notice of a dispute from any consumer." Id.

Second, the statute sets forth a framework under which the consumer reporting agency is the central focus of any private litigation. See Chiang v. MBNA, 620 F.3d 30, 30 (1st Cir. 2010) (describing the consumer credit reporting agencies as playing the role of a "gatekeeper" under the statutory scheme). Although consumer reporting agencies are subject to immediate suit by consumers under §§ 1681n and 1681o, furnishers of the information are not. Instead, a private citizen wishing to bring an action against a furnisher must first file a dispute with the consumer reporting agency, which then must notify the furnisher of information that a dispute exists. Only after this notification can the furnisher face any liability to a private individual. To allow a consumer to bypass this structural framework by hiring a law firm that occasionally acts as a consumer reporting agency would interfere with this congressionally chosen path for creating liability. In doing so, it would cause furnishers of information to have to respond directly to consumers rather than to reporting agencies, and would upset the balance enacted by the statute. It would also have the perverse effect of making a consumer's ability to bring suit dependent upon the lawyer whom he or she retained.

8

Under the statutory framework and clear language of the statute, therefore, a consumer must first alert the credit reporting agency that reported the allegedly erroneous information of a dispute. It is then up to the reporting agency to inform the furnisher of information that there has been a dispute, thereby triggering the furnisher's duty to investigate. It is only when the furnisher fails to undertake a reasonable investigation following such notice that it may become liable to a private litigant under § 1681s-2(b).

In the present case, SimmsParris did not comply with the statutory framework before bringing suit against CFC and CHL. First, as noted above, she, along with all private litigants, is unable to maintain a cause of action under 15 U.S.C. § 1681s-2(a). Second, as she did not provide notice of a dispute prior to this suit to the consumer reporting agency that reported the information to which she objected, that agency could never provide notice to CFC or CHL pursuant to 15 U.S.C. § 1681i(a)(2), and in the absence of such notice, CFC and CHL were not obligated under the FCRA to undertake any investigation under § 1681s-2(b). The District Court did not err in determining that a consumer reporting agency must be a "player" in any private cause of action brought against a furnisher of information pursuant to the FCRA insofar as it was noting that SimmsParris was required to provide notice of a dispute to the reporting agency that disseminated the allegedly false statement before maintaining suit under the FCRA. Such a requirement is plain on the face of the statute, and the District Court did not err in granting summary judgment.

9

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.