**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1065
_____

JOHN J. TAURO,
                              Appellant

v.

CAPITAL ONE FINANCIAL CORPORATION; CAPITAL ONE NA;
CAPITAL ONE BANK NA (USA)

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-01136)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2017
Before:  RESTREPO, SCIRICA and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 28, 2017)
_____

OPINION[*]
_____

PER CURIAM

    John J. Tauro appeals pro se from an order of the United States District Court for

the Western District of Pennsylvania denying his motion for summary judgment and

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

granting the defendants' motion for summary judgment in an action under the Fair Credit Reporting Act (FCRA). For the following reasons, we will affirm.

In August 2015, Tauro filed a complaint naming as defendants Capital One Financial Corp., Capital One N.A., and Capital One Bank (USA), N.A. (collectively, Capital One). He alleged that the defendants failed to conduct a reasonable investigation into his disputes concerning a credit card account, 15 U.S.C. § 1681s-2(b), failed to furnish correct and accurate information to consumer reporting agencies (CRAs), 15 U.S.C. § 1681s-2(a)(2), and failed to report the date of his delinquency on the account, 15 U.S.C. § 1681s-2(a)(5)(A). The matter was referred to a Magistrate Judge, who concluded that no private right of action existed for alleged violations of § 1681s-2(a), and that Tauro failed to meet his burden of demonstrating that Capital One Bank's investigation was not reasonable.[1] The District Court overruled Tauro's objections, adopted the Magistrate Judge's Report and Recommendation, and denied Tauro's motion for summary judgment and granted Capital One's motion for summary judgment. Tauro appealed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's entry of summary judgment is plenary. See Fuges v. Sw. Fin. Servs., Ltd., 707 F.3d 241, 246 n.8 (3d Cir. 2012). Summary judgment is proper where, viewing the evidence in the

---

[1] The Magistrate Judge also noted that the duty to conduct a reasonable investigation did not apply to Capital One Financial or Capital One, N.A., because the undisputed record indicated that those entities did not furnish Tauro's account information to the consumer reporting agencies. See § 1681s-2(b) (imposing a duty on furnishers of information to, inter alia, "conduct an investigation").

2

light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Kaucher v. Cty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

The FCRA "was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010) (quotation marks omitted). "The FCRA places certain duties on those who furnish information to consumer reporting agencies." SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 357 (3d Cir. 2011). For example, furnishers are required to correct any information they later discover to be inaccurate, § 1681s-2(a)(2), and, when an account is placed for collection or charged to profit or loss, furnishers must notify the CRAs of the account's "date of delinquency," § 1681s-2(a)(5)(A). Tauro alleges that Capital One failed to comply with both of these provisions. Notably, however, the FCRA prohibits private enforcement of the duties arising under § 1681s-2(a). See Seamans v. Temple Univ., 744 F.3d 853, 864 (3d Cir. 2014) (holding that "FCRA explicitly precludes private suits for failure to comply with [§ 1681-2(a)], 15 U.S.C. § 1681s-2(c), and instead provides for enforcement of that provision by federal and state officials, 15 U.S.C. § 1681s-2(d)."). Consequently, the District Court properly granted Capital One's motion for summary judgment as to Tauro's claims under § 1681s-2(a).

3

Tauro also complained that Capital One violated § 1681s-2(b) by failing to adequately investigate his reports of inaccurate information in his credit report.[2] We have held that an investigation into a consumer's complaint must be "reasonable." SimmsParris, 652 F.3d at 359. "[A] reasonable procedure is one that a reasonably prudent person would undertake under the circumstances." Seamans, 744 F.3d at 864 (internal quotations omitted). In addition, "when assessing reasonableness, the factfinder must balance 'the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy.'" Id. at 865 (quoting Cortez, 617 F.3d at 709). Whether an investigation is reasonable "is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question." Cortez, 617 F.3d at 709 (quotation marks omitted).

Tauro opened a credit card account with HSBC in November 2006.[3] That account went into default in January 2009, but Tauro later negotiated a settlement of the account in December 2009. Thereafter, in May 2012, Capital One Bank acquired accounts,

---

[2] Although, as explained above, consumers may not enforce the requirements of § 1681s-2(a), consumers do have a private right of action to challenge violations of § 1681s-2(b). See SimmsParris, 652 F.3d at 358.

[3] The information in this paragraph was provided in a declaration submitted by a Legal Specialist Associate who works for Capital One Services. We reject Tauro's claim that the Legal Services Specialist's declaration should be ignored because she had "no first hand fact knowledge of [his] business dealings with HSBC." In her declaration, the Legal Services Specialist explained that, prior to working at Capital One, she "was employed with HSBC in connection with [its] domestic credit card business." In addition, she described how Tauro's HSBC's account was acquired by Capital One Bank, indicated that she has "knowledge of the manner and method by which Capital One Bank prepares and maintains its normal business records or its credit accounts," and stated that

including Tauro's, that were associated with HSBC's domestic credit card business. Capital One Bank reported to two CRAs, Experian and TransUnion, that Tauro's account had been settled. Nevertheless, Tauro complained to Experian and TransUnion that their information concerning his account was inaccurate and that the account did not belong to him. Experian and TransUnion forwarded those complaints to Capital One Bank, which conducted investigations. In particular, it compared its internal data with the data being reported by Experian and TransUnion. The investigations did not reveal any discrepancies or inaccuracies. Capital One Bank reported the results of its investigations to the CRAs.

Under these facts and the standards articulated above, we conclude that the District Court properly granted summary judgment in favor of Capital One on Tauro's claims under § 1681s-2(b). Tauro failed to introduce any direct or circumstantial evidence that the CRAs' information was inaccurate or incomplete, or that Capital One Bank did not conduct reasonable investigations with respect to the disputed information. See Chiang v. Verizon N. Eng. Inc., 595 F.3d 26, 37 (1st Cir. 2010) ("The burden of showing the investigation was unreasonable is on the plaintiff."). Often, Tauro's complaints about the account, which were forwarded by the CRAs to Capital One Bank, did not specifically identify the alleged errors.[4]  See Seamans, 744 F.3d at 865 (stating

she understands "Capital One Bank's procedures for investigating disputes …."
[4] We note that Tauro's complaints were not always vague. Once, the notice indicated that Tauro disputed "current/previous account status, payment history, or payment rating." Another notice stated that Tauro disputed the "account balance," "the last payment, date account opened, date of first delinquency, billing date, or date account was

5

that "where a given notice contains only scant or vague allegations of inaccuracy, a more limited investigation may be warranted."). To the extent that Tauro claims that the information provided by Capital One Bank is "unreliable and based upon faulty records," his conclusory assertion is not sufficient to defeat summary judgment. See Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014) ("an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment." (quoting Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990)). Tauro noted that the CRAs listed different post office box addresses for Capital One and reported different dates on which the account would be removed from his credit report. Those discrepancies, however, are not material to the reasonableness of Capital One Bank's investigations.[5] Likewise, Tauro's suggestion that HSBC could not sell his settled account, and that Capital One Bank's acquisition of the account was improper, has no bearing on the reasonableness of the investigations.

For these reasons, we will affirm the judgment of the District Court.

---

closed."

[5] Moreover, we note that the undisputed evidence demonstrates that Capital One maintains more than one post office box and that it reported the same date of first delinquency to both CRAs.

6