**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1680
_____

JACKIE STEFANOWICZ,
                                      Appellant

v.

SUNTRUST MORTGAGE; SPECIALIZED
LOAN SERVICING
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-16-cv-00368)
District Judge: A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 24, 2018

Before: GREENAWAY, JR., BIBAS and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 29, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jackie Stefanowicz appeals from an order of the District Court dismissing her amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we will affirm.

Stefanowicz obtained a loan from SunTrust Mortgage in February 2007, memorialized by a note and secured by a mortgage against her property located at 311 New Street, Duryea, Pennsylvania. The original amount of her loan was $54,000.00. On January 5, 2015, the mortgage was assigned from SunTrust to Specialized Loan Servicing ("SLS"). In 2015, Stefanowicz sought and obtained a new loan modification from SLS.

On March 1, 2016, Stefanowicz filed two pro se in forma pauperis civil actions in the United States District Court for the Middle District of Pennsylvania, involving the origination and servicing of the mortgage loan. Between them, the two complaints alleged violations of the Truth in Lending Act ("TILA"), the Home Ownership and Equity Protection Act ("HOEPA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Housing Act ("FHA"), and the Equal Credit Opportunity Act ("ECOA"), in connection with the 2007 mortgage and 2015 loan modification. The complaints also asserted state law claims of predatory lending practices, intentional infliction of emotional distress, and unjust enrichment, among others.

Stefanowicz alleged specifically that the defendants violated these statutes by failing to cooperate in her efforts to secure a loan modification or to extend a forbearance agreement, failing to properly credit her escrow account for expenses she paid directly, reporting inaccurate credit information about her to national credit bureaus, and discriminating against her because she is poor, a woman with a child and white, and is

2

neither a military veteran nor disabled.  Specifically, she alleged that, in August 2014, following a period of unemployment, she entered into a three-month forbearance agreement with SunTrust with the understanding that, if she continued to have financial difficulties, the forbearance period could be extended or her loan payment terms could be modified.  She alleged that when she later sought to obtain such additional relief from her mortgage payment obligations, SunTrust failed to return her telephone calls or, when she was able to speak with customer service representatives on the phone, failed to provide her with the forbearance or loan modification application forms she requested.  After the mortgage loan was assigned to SLS, Stefanowicz entered into a three-month agreement with SLS under which she made three payments of approximately $500 per month toward her mortgage loan in September, October, and November 2015.  When she attempted to contact SLS to extend this arrangement and obtain a new monthly payment amount, SLS failed to return her calls.  Stefanowicz alleged that, on multiple occasions, she returned home to find notices affixed to her front door advising her that someone had been on the property and directing her to contact SLS.  Each time, she called SLS and left a voicemail message, without any response from SLS.  In February 2016, when Stefanowicz investigated refinancing with another mortgage lender, she learned that her credit report stated that her mortgage was approximately $1,000 past due, an allegedly inaccurate figure.

The two civil actions were consolidated pursuant to Federal Rule of Civil Procedure 42(a)(2).  The defendants then moved to dismiss the consolidated action pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the course of assessing the

3

complaints for possible dismissal under that rule and 28 U.S.C. § 1915(e)(2), the Magistrate Judge examined the publicly recorded mortgage and assignment of mortgage, and the record from an earlier and unsuccessful in forma pauperis civil action filed by Stefanowicz against SunTrust, see Stefanowicz v. SunTrust Mortgage, D.C. Civ. No. 10-cv-01321, in which she had made similar allegations. We note that Stefanowicz's 2010 civil action, which was filed against SunTrust only, was dismissed for lack of federal subject matter jurisdiction. Among other things, Stefanowicz could not satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction, see 28 U.S.C. § 1332(a).

The Magistrate Judge recommended in his Report and Recommendation that Stefanowicz's 2016 complaint raising TILA and HOEPA claims, which concerned the adequacy of disclosures made in connection with the origination of her mortgage in February 2007, be dismissed as barred by, in pertinent part, the applicable statutes of limitation and repose. The TILA and the HOAPA, which is an amendment to the TILA, have a one-year statute of limitations that begins to run from the date the loan closed, 15 U.S.C. § 1640(e). Claims for rescission under the TILA and the HOEPA are subject to a three-year statute of repose. Id. at § 1635(f). Stefanowicz's 2016 complaint was thus plainly time-barred. The Magistrate Judge also recommended dismissing as time-barred Stefanowicz's 2016 complaint raising RESPA, ECOA, and FHA claims arising out of the 2007 origination of the mortgage loan, noting that the RESPA has a three-year statute of limitations, 12 U.S.C. § 2614; the ECOA has a five-year statute of limitations, 15 U.S.C. § 1691e(f); and the FHA has a two-year statute of limitations, 42 U.S.C. § 3613(a)(1)(A).

4

The Magistrate Judge further recommended that Stefanowicz's timely RESPA claims, which concerned a failure by SunTrust and SLS to respond to her telephone calls or mail her certain requested forms, and failure to properly credit her escrow account, be dismissed. The Magistrate Judge reasoned in the main that RESPA requires a showing of actual damages and, in addition, only requires a loan servicer to respond to a "qualified written request" relating to the dispute regarding the borrower's payments. Stefanowicz had made no such "qualified written request," 12 U.S.C. § 2605(e)(1)(B), and had not alleged actual damages, id. at § 2605(f); moreover, the 60-day moratorium under § 2605(e)(3) against placing derogatory information on the borrower's credit report is only triggered by a "qualified written request." The Magistrate Judge further determined that Stefanowicz's RESPA claim with respect to her allegation that the defendants failed to properly credit her escrow account fell outside the scope of § 2605(g) because she did not allege that they failed to timely pay any expenses from her escrow account and/or failed to timely refund any remaining balance after she paid off her loan.

The Magistrate Judge recommended that Stefanowicz's timely ECOA and FHA claims be dismissed because her allegations of discrimination were conclusory. Moreover, since she was in default at the time of the alleged discrimination, the defendants' failure to allow her to modify her loan could not constitute a prohibited "adverse action" under the ECOA, see 15 U.S.C. § 1691(d)(6) ("adverse action" … "does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default…."). The Magistrate Judge recommended that Stefanowicz's FHA claim be dismissed because, again, her allegations

5

of discrimination were conclusory and she failed to allege facts from which a reasonable inference could be drawn that she was denied a loan modification because of her membership in a protected class. Nevertheless, the Magistrate Judge recommended that Stefanowicz be granted leave to amend with respect to her timely RESPA, ECOA, and FHA claims arising out of her attempts to obtain a loan modification or an extended forbearance agreement in 2014 and/or 2015.

In an order entered on March 22, 2017, the District Court adopted the Magistrate Judge's Report and Recommendation, dismissing Stefanowicz's untimely TILA and HOEPA claims with prejudice, dismissing her untimely RESPA, ECOA, and FHA claims arising out of the 2007 origination of her mortgage loan with prejudice, and dismissing her timely RESPA, ECOA, and FHA claims arising out of her attempts to obtain a loan modification or an extended forbearance in 2014 or 2015 without prejudice. Stefanowicz was granted leave to amend as to the latter claims. The District Court further declined to exercise supplemental jurisdiction over Stefanowicz's state law claims.

Stefanowicz then filed an amended complaint on April 7, 2017, in which she attempted to cure only the deficiencies in her RESPA and ECOA claims arising out of her attempts to obtain a loan modification or an extended forbearance in 2014 or 2015. Stefanowicz alleged that she paid down the principal on her mortgage note to approximately $47,000.00 before the loan was sold to SLS. Following a loan modification in January 2017, the principal balance of her loan was $60,046.26. It also took SLS seven months to process the loan modification, which Stefanowicz alleged was "deceptive." Then, beginning in February, 2017, when she attempted to make her

6

monthly payments, she was charged extra fees. She alleged further that an additional $200.00, which she sought to have applied toward the principal, was applied by SLS to other charges and the defendants did not produce statements "showing the extra fees." Her credit report, she alleged, reflected a 120-day delinquency for three months, notwithstanding that she made the required payments for those three months.

The defendants moved to dismiss the amended complaint. SunTrust argued that Stefanowicz had alleged the same facts that the Magistrate Judge had already determined did not support any claim, and that the only new actions alleged by Stefanowicz in her amended complaint concerned actions taken by SLS in 2017. SLS argued that, once again, Stefanowicz had failed to allege sufficient facts to show a violation of the ECOA or that SLS's duties under RESPA were triggered. Stefanowicz submitted a written response in opposition to the defendants' motions.

The Magistrate Judge newly assigned to the case submitted a Report and Recommendation, in which he concluded that Stefanowicz's amended complaint should be dismissed. The Magistrate Judge observed that, instead of correcting the deficiencies identified by the District Court in dismissing her timely ECOA and RESPA claims without prejudice, Stefanowicz had in a cursory fashion alleged a new array of loan servicing complaints concerning events that occurred in 2017 that were unrelated to the matters set forth in her original complaints. The Magistrate Judge thus recommended that the amended complaint be dismissed for failure to state a claim upon which relief may be granted, reasoning in pertinent part that SunTrust assigned the mortgage in 2015 and thus could not be liable for any loan servicing complaints that arose after that date;

7

and that Stefanowicz's RESPA and ECOA claims against SLS were deficient as a matter of law. In an order entered on March 19, 2018, the District Court adopted the Report and Recommendation, granted the defendants' motions, and dismissed Stefanowicz's amended complaint.

Stefanowicz appeals pro se. We have jurisdiction under 28 U.S.C. § 1291. We may affirm the judgment of the District Court on any basis which finds support in the record. See Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980). In her pro se brief, Stefanowicz contends that the District Court ignored her supporting evidence of discrimination and predatory lending practices, and ignored her request for credit repair. Appellant's Informal Brief, at 1. She contends, for the first time, that the District Court should have granted her relief under the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681, id. at 5. Stefanowicz also submitted an addendum to her pro se brief, in which she notes recent correspondence from SLS.

We will affirm. Section 1915(e)(2)(B) of title 28 directs district courts to sua sponte dismiss any in forma pauperis complaint claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Here, the District Court determined that the complaint and amended complaint could not proceed under § 1915(2)(B)(ii) and Rule 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of the factual allegations contained in the complaint. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A motion to dismiss based on Rule 12(b)(6) should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its

8

face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although factual averments must be accepted as true, legal conclusions are disregarded. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

The TILA seeks to protect credit consumers by mandating meaningful disclosure of credit terms. See Rossman v. Fleet Bank (R.I.) Nat'l Ass'n, 280 F.3d 384, 390-91 (3d Cir. 2002). The HOEPA makes mortgage lenders liable for extending credit "without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment." See In re Laudani: Laudani v. Tribeca Lending Corp., 401 B.R. 9, 32 (Bankr. D. Mass. 2009) (quoting 15 U.S.C. § 1639(h)). The RESPA requires lenders to refrain from collecting unearned closing fees and kickbacks; compels lenders to disclose to borrowers the fact that servicing on their loans may be transferred; and requires loan servicers to respond in a timely fashion to "Qualified Written Requests" from borrowers seeking information regarding the status of home loans. 12 U.S.C. §§ 2605, 2607. The ECOA bars discrimination on the basis of race, color, religion, national origin, sex, marital status, age, or the fact that the applicant's income is derived from public assistance. See National State Bank v. Long, 630 F.2d 981, 984 (3d Cir. 1980) (citing 15 U.S.C. § 1691(a)(1), (2)). The FHA prohibits any person or entity "whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605.

We agree with the District Court that dismissal of Stefanowicz's 2016 original

9

complaints was proper to the extent that they raised claims under the TILA, HOEPA, RESPA, ECOA, and FHA arising out of the 2007 origination of her mortgage loan. The 2016 original complaints are barred by the applicable statutes of limitation and repose, for the reasons given by the Magistrate Judge. A statute of limitations defense may be raised in a motion to dismiss where the defense is apparent on the complaint's face. See Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). The District Court also properly dismissed the FHA claim stated in Stefanowicz's original complaint. Again, as explained by the Magistrate Judge, Stefanowicz did not allege sufficient facts to support a claim of discrimination under the FHA. She alleged that she is a white female, a parent with a minor child, and that she is poor, but she failed to allege facts from which a reasonable inference could be drawn that she was denied a loan modification because of her membership in a protected class.

Similarly with respect to Stefanowicz's ECOA claim in her amended complaint, there was a failure to allege any factual matter or plausible basis to establish an ECOA claim. To establish a prima facie case under the ECOA, a plaintiff must show that (1) she was a member of a protected class; (2) she applied for credit from the defendant; (3) she was qualified for the credit; and (4) despite qualifying, she was denied credit. See Anderson v. Wachovia Mortgage Corp., 621 F.3d 261, 268 n.5 (3d Cir. 2010). A plaintiff may support an assertion of discrimination by showing that the defendant "has treated more favorably similarly situated persons not within the protected class." Jones v. School Dist. of Philadelphia, 198 F.3d 403, 413 (3d Cir. 1999). In her amended complaint, Stefanowicz asserted only a conclusory statement that "treatment is disparate

10

and the impact is disparate." This is insufficient to show that other similarly situated persons who are not members of a protected class were treated more favorably when they applied for a loan modification. Furthermore, in her original complaint Stefanowicz did not plausibly allege that the defendants declined to extend her credit for a discriminatory reason. We note, for example, that the ECOA prohibits discrimination against applicants who receive income from a public assistance program, 15 U.S.C. § 1691(a)(2), but Stefanowicz did not allege that she received such public assistance income; she alleged only that her financial condition at the relevant time was that of "poverty." Thus, the District Court's dismissal of the ECOA claim in the amended complaint for failure to state a claim was proper.

The District Court also properly dismissed Stefanowicz's RESPA claim in her amended complaint for failure to state a claim. The RESPA permits individual borrowers to sue loan servicers for damages when they fail to comply with any of their RESPA duties, in pertinent part, in "an amount equal to the sum of -- (A) any actual damages to the borrower as a result of the failure…." 12 U.S.C. § 2605(f). Even assuming that somewhere along the way Stefanowicz complied with the RESPA's "qualified written request" requirement, at no time has she alleged sufficient facts to show that she suffered actual damages as a result of the defendants' alleged failures. Stefanowicz's amended complaint simply recited the following concerning her RESPA claim: "With respect to RESPA not sending or providing information. In addition, not providing information when asked. Not producing statements showing the extra fees." Because she failed to assert facts that meet the essential actual damages element of a claim under the RESPA

and because the District Court provided her with an opportunity to correct the deficiencies in her RESPA claim, the Court properly ultimately dismissed it with prejudice.

Turning to her final argument, even though we have consistently held that we will not consider issues that are raised for the first time on appeal, see Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994), it is apparent that Stefanowicz cannot state a claim under the FCRA, 15 U.S.C.§ 1681s-2(b).  Under the FCRA, consumers notify consumer credit reporting agencies about inaccuracies in their credit reports.  The duties imposed under § 1681s-2(b)(1)(A)-(E) are triggered only after a furnisher of information receives notice *from a consumer reporting agency* about a dispute.  See SimmsParris v. Countrywide Financial Corp., 652 F.3d 355, 358 (3d Cir. 2011) (notice "must be given by a credit reporting agency, and cannot come directly from the consumer").  A consumer may certainly notify a furnisher/creditor directly about her dispute, as Stefanowicz has done, but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute.

For the foregoing reasons, we will affirm the orders of the District Court granting the defendants' motions and dismissing the original and amended complaints.[1]

---

[1] In her pro se brief, Stefanowicz asks us for this relief: "Ask Specialized Loan Servicing to substantiate that if they obtain the mortgage from SunTrust Mortgage around $47000.00+ (did not pay the homeowner's policy which was escrowed); how did the loan modification offer amount to $61000.00+."  Appellant's Pro Se Brief, at 6.  Because we are upholding the decision of the District Court, we cannot provide the requested relief, but we note that on May 17, 2018, SLS wrote to Stefanowicz that it may not have previously provided her with a copy of three valuations from 2015 and 2016 that were

13