**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2956
_____

ELEANOR and RALPH SCHIANO, as wife and husband, and individually,
Appellants

v.

HOMEQ SERVICING CORPORATION AND HOMEQ SERVICING;
WELLS FARGO  BANK, N.A.; WELLS FARGO BANK, N.A., Trustee, Park Place
Securities, Inc., 2004 WHQ2; OCWEN LOAN SERVICING, L.L.C.,
individually and as successor  to HomEq Servicing
Corporation a/k/a HomEq Servicing (a/k/a Barclays Capital
Real Estate, Inc., d/b/a HomEq Servicing Corporation and HomEq Servicing)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-05-cv-01771)
District Judge: Honorable Brian R. Martinotti
_____

Submitted Under Third Circuit LAR 34.1(a)
June 16, 2020

Before: JORDAN, MATEY, and ROTH, *Circuit Judges*.

(Filed October 28, 2020)

_____

OPINION[*]

_____

MATEY, *Circuit Judge*.

This is a long-running case—evidenced by the long list of facts running over thirty-five pages in Eleanor and Ralph Schiano's proposed third amended complaint. It is a story that stretches back some fifteen years and across multiple motions, all stemming from what, on its face, is an otherwise simple home mortgage. But we have arrived at the end, following this appeal of a motion for reconsideration capturing, for good measure, some dozen orders leading to the dismissal of the Schianos' claims. Despite the not surprisingly long list of claimed errors, we will affirm the careful, detailed, and patient analysis of the District Court.

## I. BACKGROUND

As is customary when we write only for the parties, we merely summarize the essential facts of the dispute. Eleanor and Ralph Schiano had credit card accounts with MBNA America Bank, N.A. ("MBNA/BOA") and, after they fell behind on their payments, an arbitrator ordered they pay MBNA/BOA $34,413.80.[1] To pay their debt, the Schianos refinanced their home and took a loan from Argent Mortgage Company ("Argent"), and directed Argent to pay MBNA/BOA. The Schianos say Argent never paid

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] A later settlement with MBNA/BOA reduced the amount to about $29,000.

2

off their MBNA/BOA balance, even though MBNA/BOA and Argent say they did. The Argent loan application also revealed another delinquent mortgage loan from GE Capital Mortgage Services, Inc. ("GE") dating to 1992, and later assigned to Wells Fargo Bank, N.A. ("Wells Fargo"), Ameriquest Mortgage Company ("Ameriquest"), HomEq Servicing Corporation ("HomEq"), Ocwen Loan Servicing L.L.C. ("Ocwen"), and Park Place Securities, Inc.

This case, and its many state and federal claims alleging a host of frauds, largely emerged from the Argent and GE loans. Over the years and through various orders, the District Court dismissed the federal claims one by one, denied adding parties and claims as futile, and held it lacked jurisdiction over the remaining diversity claims. The Schianos now timely appeal most of those decisions.

## II. DISCUSSION

Jurisdiction is at the heart of this appeal. Federal district courts have jurisdiction to hear cases arising under federal law, 28 U.S.C. § 1331, and, if no plaintiff is a citizen of the same state as any defendant, controversies involving damages greater than $75,000, 28 U.S.C. § 1332. Here, the District Court found that all the claims involving federal questions had been dismissed, denied, or otherwise stripped from the case. Then, it found a lack of complete diversity among the remaining parties. While the Schianos dispute both conclusions, we conclude the District Court was correct.

### A. No Federal Claims Remain

The Schianos offer several challenges to the District Court's decisions on federal-question claims. We review each, and find no error.

3

### 1. Summary Judgment for Argent Was Appropriate

The Schianos first filed claims against Argent under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., the Home Ownership and Equity Protection Act ("HOEPA"),[2] and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. Later complaints added additional claims grounded in alternate theories. After years of extensive discovery, the District Court granted summary judgment for Argent. The Schianos contend that summary judgment was improper without further discovery.

We exercise plenary review over summary judgment decisions, *Minarsky v. Susquehanna Cnty*, 895 F.3d 303, 309 (3d Cir. 2018), affirming only if, when making all reasonable inferences in favor of the Schianos, "there is no genuine dispute as to any material fact and [Argent] is entitled to a judgment as a matter of law." *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 676 F.3d 318, 323 (3d Cir. 2012); *see also* Fed. R. Civ. P. 56(a). We review the decision to decline leave to amend for abuse of discretion but review the District Court's "determination that amendment would be futile" de novo. *U.S. ex. rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014).

By the time the District Court dismissed the claims against Argent, and denied the request to add new allegations, there were no remaining material factual disputes. It was clear that the TILA, HOEPA, and RESPA claims were all untimely. 12 U.S.C. § 2614 (one-year statute of limitations for § 2607 claims and three-years for § 2605 RESPA statute of limitations); 15 U.S.C. § 1640(e) (one-year TILA statute of limitations for relevant claims);

---

[2] HOEPA is codified through amendments to various parts of TILA.

*In re Cmty. Bank of N. Va.*, 622 F.3d 275, 283 (3d Cir. 2010) (RESPA, TILA/HOEPA claims subject to one-year statute of limitations). The Schianos' allegations about the mortgage loan arose no later than 2004, and they did not bring their claims against Argent until, at the earliest, 2007, and for RESPA claims under § 2605, not until 2012. That is too late.

The Schianos counter that the TILA, HOEPA, and RESPA claims should be equitably tolled, citing evidence revealed after summary judgment. Courts reserve tolling for litigants pursuing their rights "diligently," where "some extraordinary circumstance . . . prevented timely filing." *Menominee Indian Tribe of Wis. v. U.S.*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). That is not the case here. For example, when responding to Argent's motion to dismiss, the Schianos did not ask to defer a decision to seek more discovery. Fed. R. Civ. P. 56(d). Nor are we convinced that the extended nature of this litigation qualifies as an extraordinary circumstance, a proposition the Schianos raise, but do not support. Thus, the District Court properly granted summary judgment for Argent and appropriately denied leave to amend.[3]

---

[3] The Schianos' proposed TILA and RESPA claims against Ameriquest Mortgage Company were similarly untimely. To the extent the Schianos attempt to resurrect RESPA and TILA claims against Ocwen and Wells Fargo, those claims were properly dismissed as conclusory or otherwise deficient. The District Court also correctly denied the Schianos' request to add AMC/ACC Capital Holdings as futile and JP Morgan Chase because the Schianos failed to properly move and there was no emergent reason to do so.

5

2.      The Pertinent FCRA Claims Were Appropriately Dismissed

The District Court dismissed the Schianos' Fair Credit Reporting Act ("FCRA") claims[4] against Ocwen and MBNA/BOA for failure to state a claim. We exercise plenary review over dismissals under Federal Rule of Civil Procedure 12(b)(6). *Walker v. Coffey*, 956 F.3d 163, 166 (3d Cir. 2020). Dismissal is appropriate if the complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, the complaint cannot meet the pleading standard.

To start, the Schianos did not allege that Ocwen "fail[ed] to undertake a reasonable investigation following . . . notice that it may become liable to a private litigant" under the FCRA. *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 359 (3d Cir. 2011); *see also* 15 U.S.C. § 1681i(a)(1)(A). Though the proposed third amended complaint alleged that Ocwen failed to "fully and properly investigate" the matter, (Reply Br. at 17 (quoting D.C. Dkt. No. 349-2 at 45)), "mere conclusory statements" do not satisfy their burden under the federal rules. *Iqbal*, 556 U.S. at 678. The claim against Ocwen was therefore properly dismissed.[5]

---

[4] 15 U.S.C. § 1681 et seq.

[5] The Schianos also sought to amend to bring a FCRA claim against Ameriquest for allegedly eliminating information from their credit report. Any relevant conduct would have occurred in 2004, when Ameriquest owned and serviced the mortgage loan. But the Schianos did not seek to bring a FCRA claim against Ameriquest until 2009, well beyond the two-year statute of limitations. 15 U.S.C. § 1681p. Nor do they offer a persuasive argument for equitable tolling.

As for MBNA/BOA, the Schianos fail to sufficiently allege that the bank received notice of their dispute from a credit reporting agency, a necessary element under the FCRA. *SimmsParris*, 652 F.3d at 358; 15 U.S.C. § 1681i(a)(2)(A). Finally, the Schianos point to a handful of orders denying leave to add even more parties to the action. Each relate to the same federal claims already discussed, based on essentially the same allegations. Adding new parties would not have cured their defects, making the additions futile.[6]

## B.      Adding HomEq to the Suit Precluded Complete Diversity

Having disposed of the federal issues, our analysis turns to issues involving diversity jurisdiction. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016). The District Court found a lack of complete diversity because the Schianos and HomEq are both New Jersey residents. "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it," and to meet that burden they must "support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010).

Here, the Schianos added "Barclays Bank, PLC, d/b/a as HomEq Servicing Corporation" and, when Barclays was dismissed, elected to continue against "Hom[E]q without the Barclays, d/b/a." (Opening Br. at 18–19.) The District Court found that HomEq had citizenship in New Jersey, where it was incorporated. Though the Schianos disagree,

---

[6] For example, in the proposed third amended complaint, the Schianos sought to raise FCRA claims against various other defendants, including Ameriquest. But like the FCRA claims against Ocwen and MBNA/BOA, they lack the required elements. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*, 908 F.3d 872, 878 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile . . . .").

7

they do not point to anything in the record showing that HomEq was not a New Jersey corporation. And it is immaterial whether HomEq became a nominal party, because the change of citizenship of a continuing party does not cure the jurisdictional defect. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71, 575 (2004). As a result, the Schianos have not met their burden, and the District Court properly dismissed the remaining diversity claims.

### III. CONCLUSION

The Schianos have enjoyed more than their day in court while the District Court ably managed this matter to resolution. There is no error in the District Court's conclusions, and we will affirm its decisions dismissing this case.