# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ISMAA'EEL H. HACKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N22C-10-097 MMJ |
| | ) | |
| TD BANK, N.A. a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: April 19, 2023
Decided: May 31, 2023

On Defendant's Motion to Dismiss
Plaintiff's Amended Complaint
**GRANTED**

On Plaintiff's Motion for Summary Judgment
**DENIED AS MOOT**

## OPINION

Ismaa'eel H. Hackett, *Pro Se Plaintiff*

Coleen W. Hill, Esq., Duane Morris LLP, Wilmington, DE, *Attorney for Defendant*

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL CONTEXT

Ismaa'eel Hackett ("Plaintiff") contends TD Bank ("Defendant") incorrectly reported a debt to consumer reporting agencies, lowering Plaintiff's credit score.[1] Plaintiff asserts claims against Defendant under the Delaware's False Claims and Reporting Act ("DFCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Fair Credit Reporting Act ("FCRA").[2] The Court considers these motions on the basis of sparse, but undisputed, facts.

Defendant reported to credit bureaus an allegedly delinquent debt owed to Defendant by Plaintiff. On or about August 16, 2022, Admin Recovery, LLC ("Admin Recovery") sent a letter to Plaintiff stating that Admin Recovery's records showed Plaintiff's account was paid in full, and that the debt was satisfied.[3]

On or about August 24, 2022, Defendant sent a letter to Plaintiff.[4] The letter stated that Defendant's records reflected that Plaintiff's account had been charged off on December 5, 2019, as a result of no payments having been received in nine payment cycles.[5] On November 23, 2020, Defendant received a payment of $432.91, which reduced Plaintiff's balance to zero.[6] Defendant informed Plaintiff

---

[1] Am. Compl. ¶¶ 1–2.
[2] *Id.* ¶¶ 1–2.
[3] *Id.* ¶ 3; *see also* Ex. A.
[4] *Id.* ¶ 4.; *see also* Ex. B.
[5] Ex. B.
[6] *Id.*

that "[t]he Bank has updated your Account to the credit bureaus as paid in full.

Please allow 30–60 days for the information to be updated on your credit report."[7]

When Defendant had his credit checked to purchase a property on November

2, 2022, his "sc[o]re was too low for [him] to get a VA loan."[8] Plaintiff provided

the Notice of Action Taken from his VA Home Loan Application to the Court with

the Amended Complaint, which stated the principal reason for the credit being

denied was that the credit application was incomplete.[9] "Late payments for past or

present debt" was not marked as a reason for credit denial.[10]

Plaintiff filed his original Complaint on October 10, 2022. Plaintiff's

original Complaint alleged defamation. Defendant filed its original Motion to

Dismiss on November 22, 2022. On January 9, 2023, a Delaware Superior Court

Commissioner granted Defendant's Motion to Dismiss without prejudice and

noted: "The state law claim of defamation based upon reports to credit agencies is

preempted by the plain language of the [FCRA]."[11] The Commissioner gave

---

[7] *Id.*

[8] Am. Compl. ¶ 5; *see also* Ex. C.

[9] Ex. C.

[10] *Id.*

[11] Order Granting Mot. to Dismiss, dated Jan. 9, 2023 (citing 15 U.S.C. § 1681t(b)(1)(F) (2018) ("No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ."); *Purcell v. Universal Bank, N.A.*, 2003 WL 1962376, at *5 (E.D. Pa.) (discussing preemption under 15 U.S.C. § 1681t); *Cheadle v. Experian*, 2021 WL 3144843, at *4 (D.N.J) ("The weight of authority holds that claims for defamation and emotional distress are preempted by the FCRA. . . . [S]everal other circuit courts have held that § 1681t(b)(1)(F) preempts all state and common law claims against furnishers of information with respect to all subject matter regulated under § 1681s-2.")).

Plaintiff 30 days to file an amended complaint. Plaintiff filed his Amended Complaint on February 1, 2023. Defendant filed its Motion to Dismiss the Amended Complaint on February 14, 2023. Plaintiff filed his response on February 24, 2023, which requested summary judgment in his favor. Defendant filed its reply brief on April 12, 2023. The Court took Defendant's Motion to Dismiss under advisement on April 19, 2023.

## STANDARD OF REVIEW

In a Rule 12(b)(6) Motion to Dismiss, the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[12] The Court must accept as true all well-pled allegations.[13] Every reasonable factual inference will be drawn in the non-moving party's favor.[14] If the claimant may recover under that standard of review, the Court must deny the Motion to Dismiss.[15]

## ANALYSIS

### *DFCRA*

The DFCRA states:

> Any person who . . . knowingly makes, uses, or causes to be made or used a false record or statement material to an obligation to pay or transmit money or property **to the Government**, or knowingly conceals or knowingly and

---

[12] *Spence v. Funk*, 396 A.2d 967, 968 (Del.1978).
[13] *Id.*
[14] *Wilmington Sav. Fund. Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del.2005)).
[15] *Spence*, 396 A.2d at 968.

4

> improperly avoids or decreases an obligation to pay or transmit money or property ***to the Government*** shall be liable ***to the Government*** for a civil penalty. . . .[16]

A claim under the DFCRA requires that Plaintiff allege Defendant knowingly made a false record to the government. Plaintiff's allegations do not involve a false record or statement to the government. Rather, Plaintiff alleges Defendant made a false record to consumer reporting agencies[17]—TransUnion, Equifax, and Experian.[18] A consumer reporting agency is not a government entity.[19]

Therefore, the DFCRA is inapplicable to the alleged facts. The Court finds Plaintiff has failed to state a claim under the DFCRA. Plaintiff's claims under the DFCRA are hereby **DISMISSED**.

---

[16] 6 *Del. C.* § 1201(a)(7) (emphasis added).

[17] *See* 15 U.S.C. § 1681a(f) (2018) ("The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."); *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 565 (7th Cir. 2021) (listing the main three credit reporting agencies as: Experian, TransUnion, and Equifax); *Kidd v. Thomson Reuters Corp.*, 925 F.3d 99, 101 (2d Cir. 2019) (listing examples of consumer reporting agencies as: Equifax, Transunion, and Experian).

[18] *See* Ex. C (listing Plaintiff's credit scores from Equifax, Experian, and TransUnion).

[19] *Mowrer v. U.S. Dep't of Transportation*, 2019 WL 4418747, at *5 (D.D.C.), *aff'd sub nom. Mowrer v. United States Dep't of Transportation*, 14 F.4th 723 (D.C. Cir. 2021) ("Courts have consistently concluded that government entities are not 'consumer reporting agenc[ies]' because they do not collect information for the purpose of furnishing it to third parties."). The Court notes that this case concludes a government entity is not a consumer reporting agency. Therefore, if an entity is a government entity, then it is not a consumer reporting agency. Thus, the contrapositive conditional statement must also be true: if an entity is a consumer reporting agency, then it is not a government entity.

### *FDCPA*

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[20] A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[21]

Defendant cannot be considered a debt collector when the alleged debt was owed to Defendant itself. As Defendant pointed out in its briefing, "[t]he only way [Defendant] could possibly be subject to FDCPA is if it used a deceptive name to attempt to collect Plaintiff's debt."[22]

Plaintiff does not allege that Defendant attempted to collect the debt. Plaintiff does not allege that Defendant used a deceptive name to collect the debt. Admin Recovery, LLC—the collection agency allegedly involved in this case—is not a party to this case. Plaintiff does not allege Admin Recovery, LLC used "abusive debt collection practices."[23]

---

[20] 15 U.S.C. § 1692(e) (2018).
[21] *Id.* § 1692(a)(6).
[22] Def.'s Mot. To Dismiss 5 (citing *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998).
[23] 15 U.S.C. § 1692(e) (2018).

Therefore, the Court finds the FDCPA is not applicable to the alleged facts of this case. Plaintiff's claims under the FDCPA are hereby **DISMISSED**.

*FCRA*

The FCRA requires that:

> A person who--
>> (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
>> (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate,
>> shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.[24]
>
> . . . .
>
> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>> (A) conduct an investigation with respect to the disputed information;
>> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>> (C) report the results of the investigation to the consumer reporting agency;
>> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other

---

[24] *Id.* § 1681s-2(a)(2).

7

consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

   (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

      (i) modify that item of information;
      (ii) delete that item of information; or
      (iii) permanently block the reporting of that item of information.[25]

"[I]n order to state a claim under § 1681s-2(b), a plaintiff must allege: (1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information."[26] "It is only when the furnisher fails to undertake a reasonable investigation following such notice that it may become liable to a private litigant under § 1681s-2(b)."[27]

Plaintiff alleges: (1) that Defendant incorrectly reported a debt to the credit bureaus;[28] (2) that Plaintiff contacted Defendant and Admin Recovery, LLC regarding the alleged error;[29] (3) that Defendant sent a letter to Plaintiff that stated

---

[25] *Id.* § 1681s-2(b)(1).
[26] *Crisafulli v. Amertias Life Ins. Corp.*, 2015 WL 1969176, at *5 (D.N.J.).
[27] *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 359 (3d Cir. 2011).
[28] Am. Compl. ¶¶ 1–2.
[29] *Id.* ¶¶ 3–4; Exs. A–B.

8

Defendant had updated Plaintiff's account "to the credit bureaus as paid in full;"[30] and (4) that Plaintiff was denied a VA loan.[31]

Plaintiff has failed to allege: (1) that he sent notice of the dispute to a consumer reporting agency; (2) that the consumer reporting agency notified Defendant of the dispute; and (3) that Defendant failed to investigate and modify the inaccurate information. Defendant's letter to Plaintiff demonstrates that Defendant updated Plaintiff's account with the credit reporting agencies at Plaintiff's request.[32]

The Court finds that Plaintiff has failed to state a claim upon which relief can be granted under the FCRA. The FCRA is not triggered in this case until after Plaintiff alleges he sent notice of a dispute to a credit reporting agency. The Court finds, as a matter of law, Defendant acted reasonably and promptly to correct the alleged error. Therefore, Plaintiff's claims under the FCRA are hereby **DISMISSED**.

### *Plaintiff's Motion for Summary Judgment*

The Court notes that requesting summary judgment in response to Defendant's Motion to Dismiss is procedurally improper. The only time this Motion to Dismiss would be converted to a Motion for Summary Judgment is if Defendant had relied upon documents not contained within the Amended

---

[30] Ex. B.
[31] Am. Compl. ¶ 5; Ex. C.
[32] Ex. B.

Complaint, and the Court considered those documents. *See In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 69 (Del. 1995). Defendants only relied upon factual information and documentation from the Amended Complaint in its Motion to Dismiss. Therefore, a Motion for Summary Judgment is procedurally improper in this case.

Additionally, the Court finds Plaintiff's Motion for Summary Judgment **MOOT** on the basis of the Court **GRANTING** Defendant's Motion to Dismiss.

## CONCLUSION

The Court finds that Plaintiff's claims under the DFCRA, FDCPA, and FCRA are hereby **DISMISSED WITH PREJUDICE**. Defendant's Motion to Dismiss Plaintiff's Amended Complaint is hereby **GRANTED**.

Defendant's Motion for Summary Judgment is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED.**

*/s/ Mary M. Johnston*
The Honorable Mary M. Johnston

10