**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1398
_____

DEANNA SCARBO,

Appellant

v.

WISDOM FINANCIAL, doing business as East Coast Funding Group Inc;
TRANSUNION; EXPERIAN; EQUIFAX; CREDIT ONE BANK;
LVNV FUDING LLC, doing business as Resurgent Capital Services;
MAJOR FINANCIAL CORPORATION; CAPITAL BANK NA;
US DEPT. OF EDUCATION, doing business as GLEL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-05355)
District Judge: Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 8, 2022

Before: AMBRO, KRAUSE, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: November 9, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Appellant Deanna Scarbo, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania granting summary judgment in favor of Defendants LVNV Funding LLC ("LVNV") and Great Lakes Educational Loan Services ("Great Lakes"). For the following reasons, we will affirm.

**I.**

In October 2020, Scarbo filed a civil complaint alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., against numerous consumer reporting agencies ("CRAs") and furnishers of credit information.[1] Scarbo's operative amended complaint alleged that, despite various disputes she had submitted to CRAs, her credit reports contained "false, inaccurate and/or incomplete reporting," resulting in the denial of various loans. D.Ct. ECF No. 35 at 3. Specifically, Scarbo alleged that "LVNV "reported inaccurate, incomplete, and inconsistent account information before and after Plaintiff's disputes to CRA," and that Great Lakes "reported inaccurate, incomplete, and misleading account information before and after Plaintiff's disputes to CRA." Id. at 4. Scarbo sought damages "in an amount in excess of $400,000" and other relief. Id. at 5.

At the completion of discovery, LVNV and Great Lakes filed separate motions for summary judgment. Each asserted that they reasonably investigated Scarbo's disputes and that the information they provided to the CRAs was accurate. Finding that Scarbo had failed to carry her burden of establishing that either LVNV or Great Lakes had

---

[1] Scarbo entered into settlement agreements with all other defendants in this action.

provided inaccurate or misleading material information to the CRAs, the District Court granted summary judgment in favor of the Appellees. Scarbo appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment, applying the same standard that the District Court applies. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The nonmoving party "'may not rest upon the mere allegations or denials of his pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" Jutrowski v. Twp. Of Riverdale, 904 F.3d 280, 288-89 (3d Cir. 2018) (quoting D.E. V. Central Dauphin Sch. Dist., 765 F.3d 260, 269-69 (3d Cir. 2014)). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The FCRA "was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Cortez v. Trans Union, LLC, 617 F.3d 688, 06 (3d Cir. 2010) (internal quotations and citation omitted). While many of the provisions of the FCRA may only be enforced by federal and state officials, see Seamans v. Temple Univ., 744 F.3d 853, 864 (3d Cir. 2014), a private cause of action against furnishers of information to CRAs is available for

3

violations of 15 U.S.C. § 1681s-2(b), which requires a furnisher to investigate disputes received from a CRA, and report back the results of the investigation. We have held that an investigation into a consumer's complaint must be "reasonable." SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 359 (3d Cir. 2011) ("It is only when the furnisher fails to undertake a reasonable investigation … that it may become liable to a private litigant"). "[A] reasonable procedure is one that a reasonably prudent person would undertake under the circumstances." Seamans, 744 F.3d at 864. However, "where a given notice contains only scant or vague allegations of inaccuracy, a more limited investigation may be warranted." Id. at 865; see also Bibbs v. Trans Union LLC, 43 F.4th 331, 339 (3d Cir. 2022) ("[A]bsent any indication that the information is inaccurate, the statute does not mandate further investigation." (internal quotations and citation omitted)). Whether an investigation is reasonable "is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question." Cortez, 617 F.3d at 709 (internal citation and quotations omitted).

In April 2019, Scarbo obtained a credit card from Credit One with a credit limit of $300. By July, she had exceeded her credit limit and the account was past due. D.Ct. ECF No. 102-3 at 20. Scarbo's delinquent account was acquired by LVNV, who reported the outstanding debt of $625 to CRAs in May 2020. In July 2020, Scarbo sent letters to Experian and Trans Union disputing the LVNV account listing as inaccurate and incomplete because the account number was incomplete and unidentifiable, the account status was not listed, the date opened and original balance were inaccurate, the payment history was incomplete, and the monthly payment, past due amount, and highest

4

balance were not listed. D.Ct. ECF No. 102-4 at 2. Scarbo provided no further specifics, or any other documentation in support of her dispute.

LVNV was notified of the disputes by Trans Union and Experian. Trans Union advised, "Claims paid the original creditor before collection status or paid before charge-off. Verify Account Status, Payment Rating, Current Balance, Amount Past Due and Payment History Profile" and "verify account number." D.Ct. ECF No. 102-3 at 5, 34. Experian indicated that "[c]onsumer states inaccurate information. Provide or confirm ID and account information." Id. at 102-3 at 4, 28. Despite the vague allegations and lack of documentation to support the allegation that the original creditor (Credit One) was paid, LVNV noted both disputes in their system and conducted an investigation in accordance with their FCRA dispute policies and procedures. Investigation revealed that the account status, payment history, current balance, amount past due, and account number were accurate, but did note discrepancies in the spelling of Scarbo's name and street address, which were corrected. Id. at 4-6. It was not until after filing her lawsuit that Scarbo alleged Credit One should have applied benefits from a credit protection program to reduce her balance before charging it off. Scarbo asserted that LVNV should have been aware of the credit protection program and was therefore liable for Credit One's alleged failure to apply the program's benefits. Scarbo did not provide that information as part of her disputes filed with the CRAs. Further, Scarbo produced no evidence that she ever applied for or was entitled to any credit protection benefits.[2]

---

[2] When questioned during her deposition on the credit protection program, Scarbo testified that she could not recall if she ever informed Credit One of a qualifying event

Scarbo lodged a similarly vague dispute against Great Lakes, the servicer of multiple student loans Scarbo obtained through the United States Department of Education. Great Lakes consistently reported Scarbo's account as being in good standing, in deferred status, and never late. On July 3, 2020, Scarbo sent a letter to Experian disputing the accuracy of the account listing for Great Lakes, alleging it was inaccurate and/or incomplete because the account number was incomplete or unidentifiable, the original creditor was not listed or identifiable, the account status and original balance were inaccurate, the payment history was incomplete, the terms were inaccurate, and the monthly payment amount, past due amount, and highest balance were not listed. D.Ct. ECF No. 105-8 at 2. A similar letter was sent to Trans Union, minus the allegations regarding account status, monthly payment amounts, and past due amounts. D.Ct. ECF No. 105-9 at 2. Again, Scarbo provided no further information or documentation to support the allegations.

After being notified of the disputes by Experian and Trans Union, see D.Ct. ECF Nos. 105-4, 105-5, Great Lakes reviewed its records and verified the accuracy of the information reported by Experian and Trans Union, including the original balance of Scarbo's account and the then-current balance of her account, and provided both with Scarbo's full account number. It was only during her deposition that Scarbo provided more specific information regarding allegedly inaccurate and/or incomplete reporting by Great Lakes, including, inter alia, her belief that the original balance was incorrectly

that might have triggered the benefits of the program, or if she had ever asked Credit One about the application of benefits. D.Ct. ECF No. 102-2 at 17-18.

6

reported because it grouped the original balance of her many student loans together, rather than just reporting the amount of her first such loan, despite her never requesting the loans be ungrouped. See D.Ct. ECF No. 105-3 at 7-12. These more specific allegations were not asserted at the time she filed her original disputes.

We conclude that the District Court properly granted summary judgment in favor of LVNV and Great Lakes on Scarbo's claims under the FCRA. Scarbo failed to introduce any direct or circumstantial evidence that either LVNV or Great Lakes did not conduct reasonable investigations with respect to the disputed information. See Chiang v. Verizon N. Eng. Inc., 595 F.3d 26, 37 (1st Cir. 2010) ("The burden of showing the investigation was unreasonable is on the plaintiff."). Scarbo's complaints about the accounts, which were forwarded by the CRAs to LVNV and Great Lakes, were vague at best and failed to specifically identify the alleged errors or otherwise explain or support why information was believed to be inaccurate or incomplete. See Seamans, 744 F.3d at 865 (stating that "where a given notice contains only scant or vague allegations of inaccuracy, a more limited investigation may be warranted."). To the extent that Scarbo claims that the investigations were unreasonable because a reasonable investigation would have revealed the inaccuracies alleged, her conclusory assertion is insufficient to defeat summary judgment. See Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014) ("[A]n inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment." (quoting Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n. 12 (3d Cir. 1990)). The discrepancies noted by Scarbo

7

regarding account opening dates and updates to addresses are not material to and have no other bearing on the reasonableness of the investigations.[3]

## III.

For these reasons, we will affirm the judgment of the District Court

---

[3] We likewise agree with the District Court's conclusion that Scarbo failed to establish that the information furnished was either factually inaccurate, misleading, or material.